CHARLES H. BALDWIN, as Commissioner of Agriculture and Markets of the State of New York, Respondent, *v.* STANDARD ACCIDENT INSURANCE COMPANY, Appellant. (" Olivit " Action.) *

CHARLES H. BALDWIN, as Commissioner of Agriculture and Markets of the State of New York, Respondent, *v.* STANDARD ACCIDENT INSURANCE COMPANY, Appellant, Impleaded with J. & G. LIPPMANN, INC., Defendant. (" Lippmann " Action.)*

Third Department, December 30, 1932.

*Jay Leo Rothschild* [*Walter S. Beck* of counsel], for the appellant in the " Lippmann " action.

*Samuel Saltzman* [*Walter S. Beck* of counsel], for the appellant in the " Olivit " action.

*Henry S. Manley*, for the respondent.

VAN KIRK, P. J. The questions presented in these two actions are in all essentials identical. The actions are brought to recover upon bonds executed and delivered under article 20 of the Agriculture and Markets Law, as it stood in 1928, 1929 and 1930. In this article, as amended to and including the year 1928, and prior to its revision by chapter 204 of the Laws of 1932, are provisions as follows:

---

* Affg. *Pyrke* v. *Standard Accident Ins. Co.* (144 Misc. 53).

" § 244. * * * 1. The term commission merchant shall include every person, firm, exchange, association and corporation licensed under this article to receive, sell or offer for sale on commission within this State any kind of farm produce; * * *. 2. The term farm produce shall include all agricultural, * * * vegetable, and fruit products of the soil, live stock and meats, * * * poultry, eggs, dairy products, * * *. [Laws of 1922, chap. 48, as amd. by Laws of 1927, chap. 411.]

" § 245. * * * No person * * * shall receive, sell or offer for sale on commission within this State any kind of farm produce, without a license as provided in this article," for which license he shall annually apply to the Commissioner. The information required to be stated in the application is set forth. [Laws of 1922, chap. 48.]

" § 246. * * * Before any such license shall be issued every applicant shall execute and deliver to the Commissioner a fidelity bond with satisfactory sureties in the sum of three thousand dollars to secure the honest accounting to the consignor of the moneys received or due and owing by such commission merchant from the sale of the farm produce sold on commission, and the Commissioner may bring an action * * * against the principal and sureties for the recovery of any such moneys. * * * [Laws of 1922, chap. 48.]

" § 247. * * * The Commissioner shall have power to investigate, upon the verified complaint of an interested person, or upon his own initiative " the records of any commission merchant, " the failure to make proper and true accounts and settlements at prompt and regular intervals," the making of false statements and the failure of the commission merchant to make payment for goods received or other alleged injurious transactions; " and for such purpose may examine at the place of business of the licensee, that portion of the ledgers, books of account, memoranda or other documents relating to the transactions involved, * * * and may take testimony therein under oath. In case of failure by a commission merchant to pay consignor creditors for farm produce received from said consignors to be sold on commission, or in case of the bankruptcy of, or the revocation of the license of, such commission merchant, or the discontinuance of the business of such commission merchant for any other reason, the Commissioner shall proceed to ascertain the names and addresses of all consignor creditors of such commission merchant, together with the amounts due and owing to them by such commission merchant, by advertising in at least two commercial, agricultural or produce papers with the State at least once each week for a period of four weeks, notifying

in such advertisement all such consignor creditors to file a verified statement of their claims with the Commissioner within sixty days of the expiration of the period of notice, and that claims not filed during that time will not receive consideration. At the end of such sixty days the Commissioner shall examine claims so filed and by certificate determine the amounts due upon them severally. He shall then bring an action on the bond which has been filed in the Department by said commission merchant. For the purpose of such action the certificate of the Commissioner of the determination of such claims shall be presumptive evidence of the fact therein stated." [Amd. by Laws of 1928, chap. 454.]

At the trial the plaintiff offered in evidence a certificate made by the Commissioner of Agriculture of the State and rested. This certificate is set forth in full in the record. In one of the cases before the court the certificate is entitled " State of New York, Department of Agriculture and Markets. In the Matter of Claims of consignor creditors against Olivit Bros., Inc., " and certifies that the attached verified statement of claim was filed with the Commissioner, amount claimed being $516.84, and continues: " I further certify that as such Commissioner I have examined such claim and that as a result of such examination I have found and by this certificate do determine that there is due to said claimant on account of such claim the sum of five hundred and sixteen and 84/100 dollars." In the attached verified claim it is stated that claimant is a consignor creditor of the above named Olivit Bros., Inc., lately doing business as commission merchant; that such commission merchant is justly indebted to claimant in the sum of $516.84 for farm produce consigned to Olivit Bros., Inc., at its place of business in New York city to be sold by said commission merchant on commission: " 1928 October 27th. 200 1/4 Barrel Boxes Cranberries; " that no part of said debt has been paid and there are no offsets or counterclaims.

The appellant contends that this certificate is insufficient and particularly points out that there is no certificate that the claimant is a consignor creditor. We think this particular contention is without merit. The statute authorizes the Commissioner to certify a claim of none other than a consignor creditor. The defendant insurance company is given therein full information as to each claim. The statute makes this certificate presumptive evidence only of the facts therein stated. The presumption declared in the statute will disappear when substantial evidence to the contrary is presented to the court (*Potts* v. *Pardee*, 220 N. Y. 431) by the insurance company, which presumably has full records and information concerning the claim. The statute in effect simply shifts the burden of proof; it affects the remedy only. The Legis-

lature had full authority to enact such a rule. Rules of evidence are at all times subject to modification and control by the Legislature. "While the Legislature cannot take from parties vested rights without compensation, the remedies by which rights are to be enforced or defended are within the absolute control of that branch of the government." That a statute may declare "any circumstance or any evidence, however slight, *prima facie* proof of a fact to be established, leaving the adverse party at liberty to rebut and overcome it by contradictory and better evidence," is well settled by authority. (*Howard* v. *Moot*, 64 N. Y. 262, 268.)

The purpose of this statute is disclosed by its provisions. It was intended that farmers who have consigned their products to commission merchants to be sold on commission in this State should be assured of payment therefor. When the farmer's produce is shipped, his reliance is upon the good faith and integrity of the commission merchant. In many cases the amount of the farmer's claim would be too small to justify the expense of prosecuting the claim to collect. The Legislature has seen fit to put in part this burden upon the State through its Commissioner of Agriculture. We conclude that the statute is valid; that there are no unconstitutional terms or provisions therein; that the commission merchant is not deprived of due process of law, nor are his privileges or immunities as a citizen abridged. Nor do we think that this statute places any undue burden upon interstate commerce.

The appellant urges that the claims of non-resident creditor consignors are not to be deemed within the scope of this statute. We are to construe the statute as it was in 1928. The consignee is always a resident of the State of New York. The consignors may be residents of other States. In the 1928 statute there was no distinction made between resident and non-resident consignors. That the Legislature has later confined the act to resident consignors does not indicate that the act before the change applied only to residents. So far as we can learn, this question is for the first time presented in this case. Many claims have been prosecuted, in none of which has such distinction been made. The construction of this statute, long unquestioned, should not be changed by the courts.

The judgments should be affirmed, with costs in one action.

HILL, RHODES and CRAPSER, JJ., concur; McNAMEE, J., not voting.

Judgments affirmed, with costs in one action.