In the Matter of the Claim of JAMES HARZINSKI, Respondent, v VILLAGE OF ENDICOTT, Appellant, and NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents. (And Two Other Claims.)

Third Department, February 26, 1987

APPEARANCES OF COUNSEL

*Rodney A. Richards* for appellant.

*Carl E. Stephan* for New York State Policemen's and Firemen's Retirement System, respondent.

**OPINION OF THE COURT**

LEVINE, J.

Claimants, firemen employed by the Village of Endicott in Broome County, were injured and disabled in the course of performing their firefighting duties. Pursuant to General Municipal Law § 207-a (1), the village paid each claimant his full wages while disabled. Subsequently, in 1979 claimants retired and commenced receiving accidental disability retirement benefits pursuant to Retirement and Social Security Law § 363. In accordance with General Municipal Law § 207-a (2), the village then paid to each claimant "the difference between the amounts received under such * * * pension and the amount of his regular salary or wages".

Each claimant was also ruled eligible to receive workers' compensation benefits as a result of their job-related disabilities. Relying upon Workers' Compensation Law § 25 (4) (a) and § 30 (2), the village sought reimbursement out of claimants' unpaid installments of workers' compensation benefits for General Municipal Law § 207-a (2) benefits it had paid to claimants subsequent to their retirement. The New York State Policemen's and Firemen's Retirement System also sought reimbursement pursuant to Workers' Compensation Law § 25 (4) (c) and Retirement and Social Security Law § 364, each of which expressly grants it the right to reimbursement for the accidental disability retirement benefits it had paid to claimants. The Workers' Compensation Board determined in each case that only the Retirement System was entitled to reimbursement. These appeals by the village ensued. We now affirm.

We are not persuaded that either Workers' Compensation Law § 25 (4) (a) or § 30 (2) give the village the right of reimbursement for payments made under General Municipal Law § 207-a (2). Workers' Compensation Law § 25 (4) (a) provides that an employer's payment of *wages* to an employee

during any period of disability shall be reimbursed out of unpaid installments of workers' compensation benefits. Additionally, Workers' Compensation Law § 30 (2) provides for the reimbursement of salary or *wages* remitted to a paid fireman pursuant to General Municipal Law § 207-a. In our view, the benefit payments the village is required to make under General Municipal Law § 207-a (2) do not constitute wages within the meaning of Workers' Compensation Law § 25 (4) (a) or § 30 (2). Workers' Compensation Law § 2 (9) defines wages as "the money rate at which the service *rendered* is recompensed" (emphasis supplied). Claimants here were not rendering any services at the time of the village's payment of General Municipal Law § 207-a (2) benefits to them but, rather, were retired. Likewise, General Municipal Law § 207-a (2) does not characterize the payments made to claimants thereunder as wages, but rather as "the difference between the amounts received under such * * * pension and the amount of his regular salary or wages". Contrary to the village's assertions, the Court of Appeals in *Matter of Mashnouk v Miles* (55 NY2d 80) did not hold that the payments made under General Municipal Law § 207-a (2) were wages, but held that the phrase "regular salary or wages" therein includes salary increases paid to active firemen. Contrastingly, as previously noted, Workers' Compensation Law § 25 (4) (c) and Retirement and Social Security Law § 364 specifically provide for reimbursement of the Retirement System for the retirement benefits it paid to claimants as a result of their accidental disabilities.

Further indicative that a municipal employer is not entitled to reimbursement out of workers' compensation benefits for its payment to retired employees pursuant to General Municipal Law § 207-a (2) are the 1984 amendments adding section 363-c to the Retirement and Social Security Law and section 207-a (4-a) to the General Municipal Law (L 1984, ch 661). These amendments created a new category of nonaccidental disability retirement benefits and expressly gave municipal employers the right of reimbursement or setoff of workers' compensation benefits against the employers' payments required thereunder (General Municipal Law § 207-a [4-a]). Such material amendments, enacted a number of years after the original legislation, strongly suggest a legislative construction that the laws as amended did not originally embrace the added provisions *(see, People ex rel. Westchester Fire Ins. Co. v Davenport,* 91 NY 574, 591-592; *Matter of Broom v Murphy,* 14 AD2d 639,

640; *Baldwin v Standard Acc. Ins. Co.,* 237 App Div 334, 337, *affd* 262 NY 575; McKinney's Cons Laws of NY, Book 1, Statutes § 193).

MAHONEY, P. J., KANE, MAIN and CASEY, JJ., concur.

Decisions affirmed, with costs to the New York State Policemen's and Firemen's Retirement System.