Matter of Schulze v City of Newburgh Fire Dept. (2023 NY Slip Op 00702)

Matter of Schulze v City of Newburgh Fire Dept.

2023 NY Slip Op 00702

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

533245
[*1]In the Matter of the Claim of Adam Schulze, Respondent,
v
City of Newburgh Fire Department, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:January 11, 2023

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Coughlin & Gerhart, LLP, Binghamton (Lars P. Mead of counsel), for appellant.
Pasternak Tilker Ziegler Walsh Stanton & Romano, LLP, New Windsor (Richard T. Cahill Jr. of counsel), for Adam Schulze, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed September 23, 2020, which ruled that City of Newburgh Fire Department was not entitled to reimbursement or credit of payments made to claimant under General Municipal Law § 207-a (2).
Claimant, a firefighter, suffered a disabling work-related injury to his neck and back in April 2012 during the performance of his firefighting duties, established a claim for workers' compensation benefits and, in 2015, was classified as permanently partially disabled. Pursuant to General Municipal Law § 207-a (1), the self-insured employer paid claimant his full salary during his period of disability and filed requests for reimbursement of those wages against any award of workers' compensation benefits. As such, any award of workers' compensation was designated reimbursable to the employer.
In April 2016, claimant's application for performance of duty disability retirement pursuant to Retirement and Social Security Law § 363-c was approved, providing for a 50% pension. Although the full wage payments pursuant to General Municipal Law § 207-a (1) were discontinued upon claimant's disability retirement approval, the employer commenced paying claimant the difference between the amount received from his pension and the amount of his regular wages (see General Municipal Law § 207-a [2]).
In 2019, claimant submitted a request for further action, claiming that his permanency classification entitled him to retroactive workers' compensation awards from, as is relevant here, April 2016 and continuing — as such workers' compensation payment had ceased. The employer sought credit against any workers' compensation awards based upon its supplemental pension payments pursuant to General Municipal Law § 207-a (2).
Following various hearings, a Workers' Compensation Law Judge (hereinafter WCLJ), in a decision filed May 15, 2020, awarded claimant benefits retroactive to April 30, 2016 and continuing. However, the WCLJ found that the employer was not entitled to reimbursement against the workers' compensation awards for pension payments made to claimant under General Municipal Law § 207-a (2). Accordingly, the WCLJ ordered the workers' compensation benefits be paid directly to claimant. Upon administrative appeal, the Workers' Compensation Board, by decision filed September 23, 2020, affirmed the decision of the WCLJ and noted that any determination as to the setoff/reimbursement of the workers' compensation payments against the pension supplement the employer pays pursuant to General Municipal Law § 207-a (4-a) was outside its jurisdiction. The employer's subsequent application for reconsideration and/or full Board review was denied. The employer appeals from the Board's September 23, 2020 decision.
We are unpersuaded by the employer's contention that because claimant is receiving a performance of duty disability pension, as opposed to an accidental disability retirement pension, the matter is distinguishable [*2]from Matter of Harzinski v Village of Endicott (126 AD2d 56 [3d Dept 1987]) and, as such, it is entitled — pursuant to Workers' Compensation Law § 25 (4) (a) or § 30 (2) — to reimbursement of its General Municipal Law § 207-a (2) payments against claimant's workers' compensation awards. Workers' Compensation Law § 25 (4) (a) provides that, where an "employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability," the employer will be entitled to reimbursement out of any unpaid workers' compensation award (emphasis added). Workers' Compensation Law § 30 (2) provides for the reimbursement of "any salary or wages paid" to a firefighter pursuant to General Municipal Law § 207-a against any workers' compensation award.
Although there are differences in the manner of reimbursement of General Municipal Law § 207-a (2) supplemental pension payments depending on the nature of retirement benefits granted (see General Municipal Law § 207-a [4-a]; Workers' Compensation Law § 25 [4] [c]; Retirement and Social Security Law § 364), we find no reason to depart from this Court's ruling that "the benefit payments . . . under General Municipal Law § 207-a (2) do not constitute wages within the meaning of Workers' Compensation Law § 25 (4) (a) or § 30 (2)" (Matter of Harzinski v Village of Endicott , 126 AD2d at 58). Any payments made to claimant after he was granted a retirement allowance pursuant to Retirement and Social Security Law § 363-c in April 2016 were made to him as a retiree and not as an employee. Further, once granted disability retirement, General Municipal Law § 207-a (2) states that payment of full wages "shall be discontinued" and does not characterize the statutory benefits paid thereafter as wages but as "the difference between the amounts received under such . . . pension and the amount of his [or her] regular . . . wages" (see Matter of Harzinski v Village of Endicott , 126 AD2d 58). In view of the foregoing, we find no error in the Board's decision that, because the supplemental retirement benefits paid by the employer were not wages, the workers' compensation awards were not reimbursable to the employer by way of Workers' Compensation Law § 25 (4) (a) or § 30 (2).
To the extent that the employer contends that limiting any offset or reimbursement to future General Municipal Law § 207-a (2) supplemental payments as set forth in General Municipal Law § 207-a (4-a)[FN1] is inappropriate and thwarts the statutory scheme, the Board made no determination with regard to the applicability of that statute, noting that its determination in that regard would be inappropriate. The employer does not challenge this finding on appeal and, as such, it is not properly before us.
Clark, J.P., Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.

Footnotes

Footnote 1: General Municipal Law § 207-a (4-a) provides that "[a]ny benefit payable pursuant to [General Municipal Law § 207-a (2)] to a person who is granted retirement for disability incurred in performance of duty pursuant to [Retirement and Social Security Law § 363-c] shall be reduced by the amount of the benefits that are finally determined payable under the workers' compensation law by reason of accidental disability."