Matter of Pomerantz v City of Newburgh Fire Dept. (2023 NY Slip Op 01712)

Matter of Pomerantz v City of Newburgh Fire Dept.

2023 NY Slip Op 01712

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

532162 535904 
[*1]In the Matter of the Claim of Jonathan Pomerantz, Respondent-Appellant,
v
City of Newburgh Fire Department, Appellant-Respondent. Workers' Compensation Board, Respondent.

Calendar Date:February 16, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Coughlin & Gerhart, LLP, Binghamton (Lars P. Mead of counsel), for appellant-respondent.
Pasternack, Tilker, Ziegler, Walsh, Stanton & Romano, LLP, New Windsor (Richard T. Cahill Jr. of counsel), for respondent-appellant.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.

Fisher, J.
(1) Appeal from a decision of the Workers' Compensation Board, filed February 18, 2020, which ruled, among other things, that the self-insured employer is not entitled to reimbursement for certain benefits paid to claimant, (2) cross-appeals from an amended decision of said Board, filed January 5, 2021, which, among other things, denied the employer's application for reconsideration and/or full Board review and adhered to its prior decision but reduced the amount of the fee owed to claimant's attorney, and (3) appeal from a decision of said Board, filed March 2, 2022, which, among other things, denied claimant's and the employer's respective applications for reconsideration and/or full Board review and adhered to its prior amended decision but modified the amount of the fee owed to claimant's attorney.
In 2013, claimant, a firefighter, sustained work-related injuries when he slipped and fell down an exterior stairwell while attempting to gain access to a building. Claimant's subsequent claim for workers' compensation benefits was not controverted, and his claim was established for injuries to the back, bilateral hips and left leg and amended to include an injury to the neck. A Workers' Compensation Law Judge (hereinafter WCLJ) established claimant's average weekly wage and made various awards at various rates for lost time, subject to the self-insured employer's requests for reimbursement. Although claimant returned to work in January 2015, he retired on March 1, 2019, and claimant was awarded, pursuant to General Municipal Law § 207-a, accidental disability retirement benefits (effective March 1, 2019). Thereafter, as a result of being paid both workers' compensation benefits and accidental disability retirement benefits, the employer contended, as relevant here, that claimant was being unjustly enriched by the receipt of both awards and that it was entitled to a credit or offset/reduction in the workers' compensation award pursuant to Workers' Compensation Law § 25 (4). Following hearings, a WCLJ rejected the employer's claim for an offset/reimbursement and directed continuing benefits at the temporary total disability rate.
On appeal to the Workers' Compensation Board, the Board found, in a February 2020 decision, that the employer is not entitled to an offset or reduction of workers' compensation benefits in a manner that would reduce the workers' compensation benefits due to claimant. The Board reasoned that the accidental disability retirement benefit payments that the employer was making under General Municipal Law § 207-a (2) do not constitute wages within the meaning of Workers' Compensation Law § 25 (4) (a) and, therefore, there was no double recovery or unjust enrichment by claimant.[FN1] The employer then submitted an application for reconsideration and/or full Board review of that decision and appealed to this Court. The Board subsequently issued an amended decision, dated January 5, 2021, from which both claimant and the employer filed [*2]notices of appeal and applications for reconsideration and/or full Board review. Thereafter, the Board issued another amended decision, dated March 2, 2022, which, among other things, denied the pending applications for reconsideration and/or full Board review and adhered to its prior January 5, 2021 amended decision. The employer now appeals.[FN2]
As an initial matter, given that the employer has not raised any arguments with respect to that part of the Board's March 2022 amended decision denying its application for reconsideration and/or full Board review, any such arguments are deemed abandoned (see Matter of Perry v All Am. Sch. Bus Corp., 181 AD3d 1113, 1114 n 1 [3d Dept 2020]). Turning to the merits, for the reasons more fully set forth in Matter of Harzinski v Village of Endicott (126 AD2d 56, 57-58 [3d Dept 1987]), we reject the employer's contention that either Workers' Compensation Law § 25 (4) (a) or § 30 (2) give the employer the right to a credit, reimbursement and/or reduction of workers' compensation benefits owed based upon payments that it already made under General Municipal Law § 207-a (2). "Workers' Compensation Law § 25 (4) (a) provides that an employer's payment of wages to an employee during any period of disability shall be reimbursed out of unpaid installments of workers' compensation benefits. Additionally, Workers' Compensation Law § 30 (2) provides for the reimbursement of salary or wages remitted to a paid fire[fighter] pursuant to General Municipal Law § 207-a" (Matter of Harzinski v Village of Endicott, 126 AD2d at 57-58 [emphasis omitted]). As we previously held, "the benefit payments the [employer] is required to make under General Municipal Law § 207-a (2) do not constitute wages within the meaning of Workers' Compensation Law § 25 (4) (a) or § 30 (2)" (Matter of Harzinski v Village of Endicott, 126 AD2d at 58), because claimant was retired and not rendering any services to the employer at the time the employer's payment of General Municipal Law § 207-a (2) benefits were made to claimant (see Workers' Compensation Law § 2 [9]; General Municipal Law § 207-a [2]; Matter of Harzinski v Village of Endicott, 126 AD2d at 57-58). To the extent that we have not specifically addressed the employer's remaining contentions, they are academic in light of our decision or have been considered and found to be without merit.
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the appeal from the February 18, 2020 decision and cross-appeals from the January 5, 2021 amended decision are dismissed, as moot, without costs.
ORDERED that the March 2, 2022 decision is affirmed, without costs.

Footnotes

Footnote 1: The Board also noted that its decision was supported by the fact that the employer might be entitled to an offset/reimbursement of workers' compensation benefits against the employer's accidental disability retirement benefit payments made under General Municipal Law § 207-a (see General Municipal Law § 207-a [2], [4-a]; Matter of Harzinski v Village of Endicott, 126 AD2d 56, 58 [3d Dept 1987]).

Footnote 2: As the Board's March 2022 amended decision superseded its prior decisions — to wit, the February 2020 decision and the January 2021 amended decision — the appeals and cross-appeal from the earlier decisions are moot and must be dismissed (see Matter of Hogan v CBS Tel. Stas., 205 AD3d 1269, 1270 n 2 [3d Dept 2022]; Matter of Djukanovic v Metropolitan Cleaning LLC, 177 AD3d 1060, 1060-1061 [3d Dept 2019]; Matter of Rosa v June Elec. Corp., 140 AD3d 1353, 1355 n 2 [3d Dept 2016], lv denied 28 NY3d 910 [2016]).